IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TERRY RICH, individually and on behalf of himself and all others similarly situated, | ) ) ) |
| | ) Case No: |
| Plaintiffs, | ) ) JURY TRIAL DEMANDED |
| | ) |
| v. | ) ) Collective Action |
| | ) ) |
| PUTNAM COUNTY, TENNESSEE, | ) ) |
| Defendant. | ) ) |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Comes now the Plaintiff, Terry Rich, on behalf of himself and other similarly situated employees, and for this collective action complaint against Defendant Putnam County, Tennessee ("Defendant"), states as follows:

### PARTIES

1. Plaintiff is an employee of the Putnam County Emergency Medical Services ("EMS") Department; he brings this action to remedy Defendant's violations of federal law. Plaintiff brings this lawsuit on behalf of himself and all other employees similarly situated as a collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), because of Defendant's unlawful deprivation of plaintiff's rights to overtime compensation. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable relief, and other relief available under the FLSA, *id.* §§ 201–19.

2. Plaintiff has given his written consent to be a party plaintiff in this action. *Id.* § 216(b). Such written consent is appended to this Collective Action Complaint.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over the instant collective action. 28 U.S.C. §§ 1331, 1337; 29 U.S.C. § 216(b).

4. Venue is proper in this District. 28 U.S.C. § 1391.

## FACTS

5. Plaintiff Terry Rich ("Rich") has been, at all material times herein, employed by Defendant Putnam County in the position of Paramedic.

6. Plaintiff brings this action for a declaratory judgment, back pay, and other relief under the FLSA to remedy Defendant's willful and unlawful violations of federal law. 29 U.S.C. §§ 207, 216(b).

7. At all times material herein, Plaintiff and all those similarly situated were "employees" within the meaning of the FLSA, *id.* § 203(e)(1).

8. Defendant Putnam County is a political subdivision organized under the laws of the State of Tennessee, with the power to sue and be sued in its own name, and at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, *id.* §§ 203(x), 203(d). Defendant operates an EMS Department, which is distinct and separate from the Fire and Police Departments. Defendant's EMS Department provides emergency medical services to the citizens, residents and visitors of Putnam County. Defendant is located within the United States District Court for the Middle District of Tennessee, Northeastern Division. Defendant has a principal office and place of business located at 300 E Spring St., Room 8, Cookeville, TN 38501.

9. Within the last three years, while working as a Paramedic on behalf of Defendant, Plaintiff's job duties have included, but are not limited to: responding to emergency and non-emergency medical calls, treating and caring for sick and injured patients in the location in which they are found, transporting patients to appropriate facilities, appropriately documenting all patient encounters, collecting and processing billing information from patients, completing "trip tickets" for each call, maintaining a clean station, cleaning and regularly disinfecting his assigned ambulance, and checking and documenting the operating status of the ambulance and equipment prior to assuming ready status at the start of each shift.

10. Defendant employs approximately 48 individuals in the positions of EMT-Basic, EMT-Advanced, Paramedic, and Critical Paramedic, who all perform the same basic job duties set out in paragraph 9 and are similarly situated to Plaintiff.

11. Plaintiff and all others similarly situated work a repeating shift schedule of 7 days on duty and 7 days off duty. In each two-week period, 3 regularly scheduled shifts fall on the first week, and 4 regularly scheduled shifts fall on the second week. For Plaintiff and all those similarly situated, each regular shift is scheduled for 12 hours, leading them to work 36 regularly scheduled hours in the first week of each two-week period and 48 regularly scheduled hours in the second week of each two-week period.

12. Defendant's EMS Department operates 24 hours per day. Twelve-hour shifts begin at 7:00 a.m. and 7:00 p.m. The shifts do not overlap.

### *Uncompensated, Off-the-Clock Overtime*

13. Plaintiff and all others similarly situated "punch in" at the start of each scheduled shift, but Defendant's uniformly applicable policy prohibits punching in more than 5 minutes before the start of a scheduled shift, subject to limited exceptions.

3

Case 2:19-cv-00056   Document 1   Filed 07/17/19   Page 3 of 10 PageID #: 3

14. Prior to clocking in, Plaintiff and all others similarly situated perform an average of approximately 12–17 minutes of uncompensated, off-the-clock work preparing for the start of each shift. This work includes checking their assigned ambulance and equipment to ensure it is in operational status, taking inventory of medical supplies, exchanging information with the preceding shift's crew, and completing paperwork such as "trip tickets" from the previous shift.

15. As a result, in workweeks in which Plaintiff and all others similarly situated perform more than 40 hours of on-the-clock work, Defendant has suffered or permitted them to perform an additional 12–17 minutes of uncompensated, off-the-clock overtime work for each shift. For example, in a week in which Plaintiff worked four regularly scheduled 12-hour shifts, he has also performed an additional 48–68 minutes of uncompensated, off-the-clock work.

16. Defendant, at all times material herein, has known and should have known that Plaintiff and all others similarly situated were performing uncompensated overtime work. Defendant's supervisory employees have witnessed employees performing uncompensated overtime work before clocking in, and Defendant's established policies discourage pre-shift overtime reporting and lead Plaintiff and all others similarly situated to perform work prior to the permitted clock-in time.

### *Failure to Fully Compensate for On-the-Clock Overtime*

17. Defendant suffers or permits Plaintiff and all others similarly situated to work on-the-clock overtime but fails to pay the required one-and-one-half times their regular rate for that overtime work.

18. For example, in the workweeks of February 10, 2019, to February 16, 2019, and February 17, 2019, to February 24, 2019, Plaintiff performed a total of 93.25 hours of on-the-clock work. In the first week, he performed 43.25 hours of on-the-clock work, including one

additional 4.75-hour shift outside his normal schedule. In the second week, he performed 50 hours of on-the-clock work. Defendant, however, paid Plaintiff only his regular salary, plus additional reduced-rate straight-time pay for the additional 4.5-hour shift below his regular rate of pay, and an "overtime" premium at the half-time rate of pay. As a result, Plaintiff was paid less than one-and-one-half times his regular rate of pay for all hours of overtime worked in those workweeks.

19. Defendant has violated the FLSA, *id.* § 207(a), by failing to pay Plaintiff and all others similarly situated overtime at the rate of one-and-one-half times the regular rate for all hours worked over 40 in a workweek.

## CLAIMS FOR RELIEF FOR VIOLATIONS OF THE FLSA

## COUNT I

### FAILURE TO PAY ONE-AND-ONE-HALF TIMES THE REGULAR RATE OF PAY: OFF-THE-CLOCK OVERTIME WORK

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19 in their entirety and restates them herein.

21. Section 7(a) of the FLSA, *id.* § 207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per work week.

22. At all times material herein, Defendant has failed to compensate Plaintiff and all others similarly situated for all hours that Defendant has suffered or permitted them to work off the clock, such as work performed prior to clocking in at the start of each scheduled shift, checking equipment, taking inventory, exchanging information, and completing paperwork.

23. Defendant has violated, and continues to violate FLSA § 207(a) by failing and refusing to compensate Plaintiff and other similarly situated employees at a rate of not less than

one-and-one-half times the regular rate at which the Plaintiff and all others similarly situated are employed in workweeks in which Plaintiff and all others similarly situated work 40 or more hours per week by instead paying Plaintiff and all others similarly situated reduced-rate straight time for overtime hours.

24. Defendant's violations of the FLSA have been done in a willful and bad-faith manner.

25. As a result of the Defendant's willful and purposeful violations of the FLSA, there has become due and owing to the Plaintiff, and those similarly situated, an amount that has not yet been precisely determined. The employment and work records for the Plaintiff are in the exclusive possession, custody, and control of Defendant, and the Plaintiff is unable to state at this time the exact amount owing to him. From Defendant's payroll records, Plaintiff will be able to ascertain the precise extent of these violations of FLSA § 207(a). Defendant is under a duty, imposed under the FLSA § 211(c) and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiff and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

26. Pursuant to FLSA § 216(b), Plaintiff and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back-pay damages for the Defendant's failure to pay overtime compensation.

27. Plaintiff and all others similarly situated are entitled to recover attorneys' fees and costs under FLSA § 216(b).

## COUNT II

### FAILURE TO PAY ONE AND ONE-HALF TIMES THE REGULAR RATE OF PAY: ON-THE-CLOCK OVERTIME WORK

28. Plaintiff hereby incorporates by reference paragraphs 1 through 27 in their entirety and restates them herein.

29. During the times that Plaintiff and others similarly situated have worked in excess of 40 hours in a week, Defendant has compensated work time at a rate that is less than their regular rate of pay.

30. Section 7(a) of the FLSA, *id.* § 207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty 40 hours per work week.

31. Defendant has violated, and continues to violate, FLSA § 207(a)(1) by failing and refusing to compensate Plaintiff and other similarly situated employees at a rate of not less than one-and-one-half times the regular rate at which the Plaintiff and all others similarly situated are employed in workweeks in which Plaintiff and all others similarly situated work 40 or more hours per week by instead paying Plaintiff and all others similarly situated reduced-rate straight time for overtime hours.

32. Defendant's violations of the FLSA have been done in a willful and bad-faith manner.

33. As a result of the Defendant's willful and purposeful violations of the FLSA, there has become due and owing to the Plaintiff, and those similarly situated, an amount that has not yet been precisely determined. The employment and work records for the Plaintiff are in the exclusive possession, custody, and control of Defendant, and the Plaintiff is unable to state at this time the exact amount owing to him. From Defendant's payroll records, Plaintiff will be able to

ascertain the precise extent of these violations of FLSA § 207(a). Defendant is under a duty, imposed under FLSA § 211(c) and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiff and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

34. Pursuant to FLSA § 216(b), Plaintiff and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back-pay damages for the Defendant's failure to pay overtime compensation.

35. Plaintiff and all others similarly situated are entitled to recover attorneys' fees and costs under FLSA § 216(b).

## DEMAND FOR A JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands that this Court impanel a jury to try his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Issue process against Defendant and require it to answer within the period provided by law;

b. Require Defendant to provide Plaintiff the names, phone numbers, e-mail addresses, and addresses for each EMS employee similarly situated to him and permit Plaintiff to issue notice to all similarly situated employees;

c. Give all similarly situated employees the opportunity to join this collective action as party-plaintiffs by filing written consents under FLSA § 216(b);

d. Enter judgment declaring that Defendant has willfully and wrongfully violated its statutory obligations and deprived Plaintiff, and all those similarly situated, of their rights;

e. Order a complete and accurate accounting of all the compensation to which Plaintiff, and all those similarly situated, are entitled;

f. Award Plaintiff, and all those similarly situated, compensatory relief equal to their unpaid compensation and liquidated damages equal to their unpaid compensation;

g. Award Plaintiff, and all those similarly situated, interest on their unpaid compensation;

h. Award Plaintiff, and all those similarly situated, their reasonable attorneys' fees to be paid by Defendant, as well as the costs and disbursements of this action; and

i. Grant such other relief as may be just and proper.

Dated: July 17, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Charles P. Yezbak, III
　　　　　　　　　　　　　　　　　　Charles P. Yezbak, III
　　　　　　　　　　　　　　　　　　　　/s/ N. Chase Teeples
　　　　　　　　　　　　　　　　　　N. Chase Teeples
　　　　　　　　　　　　　　　　　　YEZBAK LAW OFFICES PLLC
　　　　　　　　　　　　　　　　　　2002 Richard Jones Road
　　　　　　　　　　　　　　　　　　Suite B-200
　　　　　　　　　　　　　　　　　　Nashville, TN 37215
　　　　　　　　　　　　　　　　　　Tel.: (615) 250-2000
　　　　　　　　　　　　　　　　　　Fax: (615) 250-2020
　　　　　　　　　　　　　　　　　　yezbak@yezbaklaw.com
　　　　　　　　　　　　　　　　　　teeples@yezbaklaw.com

       /s/ Gregory K. McGillivary
Gregory K. McGillivary
*Motion for Pro Hac Vice Admission Forthcoming*
       /s/ Hillary D. LeBeau
Hillary D. LeBeau
*Motion for Pro Hac Vice Admission Forthcoming*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
gkm@mselaborlaw.com
hdl@mselaborlaw.com